UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25mj02462 Goodman

UNITED STATES OF AMERICA

v.

BAISHENG AN,

    Defendant.

_____/

FILED BY ___TS___ D.C.
Mar 10, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

By:   /s/*TANNER P. STIEHL*
      Tanner P. Stiehl
      Special Assistant United States Attorney
      FL Bar No. 1031487
      99 N.E. 4th Street
      Miami, FL 33132
      Tel. No. (786) 360-9752
      Fax No. (305) 536-4676
      E-mail: Tanner.Stiehl@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| BAISHENG AN, | ) Case No. 25mj02462 Goodman |
| Defendant. | ) |

**CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 8, 2025** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. § 1324(a)(1)(A)(ii) | Transporting, Moving, or Attempting to Transport or Move an Alien Within the United States |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Neil James, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by **Face Time**

Date: 3/10/2025

_____
Judge's signature

City and state: Miami, Florida      Honorable Jonathan Goodman, Chief United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Neil S. James, being duly sworn, do hereby depose and state the following:

## INTRODUCTION

1. I am presently employed as a Special Agent with Homeland Security Investigations (hereinafter "HSI"), where I have worked since November 20, 2022. I am assigned as a sworn law enforcement officer at HSI Key Largo. In that capacity, my duties include investigating federal criminal offenses, including Title 8 offenses, in the Southern District of Florida. During my tenure as a Special Agent, I have completed approximately 490 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to my tenure as a Special Agent, I was most recently a United States Customs and Border Protection Officer for four years at Miami International Airport. There, I prepared cases for immigration proceedings and served multiple arrest warrants. I was also tasked with determining the lawfulness of travelers' entry into the United States. Prior to my tenure as a United States Customs and Border Protection Officer, I was a United States Border Patrol Agent for almost three years. Some of my duties included executing search and arrest warrants and making warrantless arrests in accordance with federal law. As an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), I am empowered by law to conduct investigations of, and to make arrests for, violations of federal statutes.

2. Because this affidavit is submitted for the limited purpose of establishing probable cause justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this affidavit, either through personal investigation or through discussions with other law enforcement officers who

have interviewed individuals or personally have obtained and reviewed information, which they in turn have reported to me.

3. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal, state and local law enforcement officers. I have not included details of every aspect of this investigation because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging Baisheng AN (hereinafter "AN") with a violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) (Transporting, Moving, or Attempting to Transport or Move an Alien Within the United States).

**PROBABLE CAUSE**

4. On or about March 8, 2025, HSI special agents conducting investigative activity targeting a human smuggling organization initiated a surveillance operation of a residence located in Miami-Dade County (hereinafter "TARGET RESIDENCE"). The location has been identified as a suspected stash house for illegal aliens recently smuggled into the United States. The organization is being investigated for smuggling Chinese nationals into the United States. from the Bahamas. During the operation, agents were also monitoring activity at nearby address (hereinafter "RESIDENCE 2"), the residence of an individual under investigation for human smuggling (hereinafter "INDIVIDUAL 1").

5. At approximately 1:45 p.m., agents observed INDIVIDUAL 1 at RESIDENCE 2, transferring what appeared to be a large amount of prepared food containers from a black GMC Yukon (hereinafter "VEHICLE 1") to a blue Honda Pilot (hereinafter "VEHICLE 2"). VEHICLE 2 subsequently departed RESIDENCE 2 and was followed by agents to the TARGET RESIDENCE. VEHICLE 2 pulled into the driveway and a short time later departed. In my training

and experience, it is common practice for human smuggling organizations to purchase large amounts of food to be brought to migrant stash houses to feed the smuggled migrants while they wait to be transported to their next destination. Not long after that event, agents observed VEHICLE 1 parked on the street in front of TARGET RESIDENCE. The driver of VEHICLE 1 eventually made his way to the TARGET RESIDENCE. VEHICLE 1 remained there for about 30 minutes before leaving.

6. At approximately 9:40 p.m., agents observed VEHICLE 2 arrive at the TARGET RESIDENCE and pull into the driveway. VEHICLE 2 was not at the residence for more than a few minutes before leaving the location at a high rate of speed. Agents followed VEHICLE 2 to the parking lot of a "Pinecrest Bakery." Once in the parking lot of the bakery, agents observed approximately three to four subjects of Asian descent exit VEHICLE 2, wave to the driver, and then enter an awaiting Honda Odyssey ("VEHICLE 3"). Agents followed VEHICLE 3 and ultimately conducted an investigative stop of the vehicle.

7. During the investigative stop of VEHICLE 3, agents encountered Baisheng AN (hereinafter "AN"), a Chinese national with a New York driver's license, driving VEHICLE 3. AN was accompanied by a Chinese national, a Lawful Permanent Resident of the United States, who was in the front passenger seat, and three Chinese national aliens in the rear of VEHICLE 3. The three subjects were identified by their passports, which they possessed, and indicated that they were not legally present in the United States. A review of the passports identified Bahamian Immigration entry stamps from as recently as February 21, 2025, but there were no United States stamps or visas. All five individuals were taken to the HSI Miami SAC office for further investigation.

8. Biometrics later confirmed that the three Chinese passengers were aliens, and that they that were not lawfully present in the United States.

9. Once at the HSI Miami SAC office, during a post-*Miranda* interview, AN told agents he was instructed to pick up the three undocumented migrants and transport them to a location near central Florida. AN told agents he knew the three individuals had recently been smuggled into the United States and had no authorization to be present in the United States.

## **CONCLUSION**

10. Based on the facts set forth above, I submit that there exists probable cause to charge Baisheng AN with a violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (Transporting, Moving, or Attempting to Transport or Move Aliens Within the United States).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
NEIL JAMES
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 10th day of March 2025.

_____
HONORABLE JONATHAN GOODMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

4